151 So. 598

### KING v. HOOPER MOTOR CO.
### 8 Div. 611.

Court of Appeals of Alabama.

Oct. 31, 1933.

Rehearing Denied Nov. 21, 1933.

572

D. Isbell, of Guntersville, for appellant.

Claud D. Scruggs, of Guntersville, for appellee.

BRICKEN, Presiding Judge.

This was an action of detinue by Hooper Motor Company, a corporation, against Guntersville Warehouse Company, a corporation, for five bales of cotton.

A. G. King, appellant, filed a claim affidavit and bond as provided by statute (Code 1923, § 7389). On issue being joined between plaintiff and claimant, the case was heard by the court without a jury and a judgment rendered for plaintiff and against claimant. From that judgment the claimant prosecutes this appeal.

The cotton in question was grown during the year 1930 by Georgia Lemaster on the land described in the claimant's mortgage which will be presently referred to.

The plaintiff claimed under a mortgage executed March 11, 1930, due on October 1, 1930, and recorded in the probate office on March 11, 1930.

The claimant claimed under a real estate mortgage dated November 8, 1928, filed for record on November 14, 1928, and duly recorded in the book of real estate mortgages. The real estate mortgage was not recorded in the chattel mortgage record.

Both mortgages were in default at the time this suit was instituted.

One of the questions of prime importance in this case is whether the real estate mortgage conveyed the cotton grown by Georgia Lemaster.

The language of the mortgage in that respect is as follows: "As additional collateral for the indebtedness hereby secured, the debtor transfers, assigns and conveys all rents, rent notes, share contracts and shares in crops for rent or use of said land, while this mortgage is unsatisfied, and also all cotton, grain, and other crops grown on said land to which she may be entitled or which may come into her possession as landlord, for rent or by virtue of any contract for rent or use of said land, or on which she may have a lien or interest, either as landlord, or by virtue of any such contract for rent or use of said land."

The opinion here prevails that the quoted language in the real estate mortgage did not convey the cotton grown by Georgia Lemaster. The language is that it conveys "all cotton * * * grown on said land to which she may be entitled or which may come into her possession as landlord, for rent or by virtue of any contract for rent or use of said land, or on which she may have a lien or interest, either as landlord, or by virtue of any such contract for rent or use of said land."

We pretermit any consideration of the validity of this mortgage under section 9008 of the Code 1923, as being unnecessary in view of our understanding of the legal effect of the real estate mortgage. This holding also makes it unnecessary for us to determine the effect of the failure to record the real estate mortgage in the chattel mortgage record. Our holding is against the appellant on the decisive and controlling question in the case. The other questions raised are incidental and do not affect the merits. If technical error intervened, it was without injury.

The judgment appealed from is affirmed.

Affirmed.